### Sarah E. D. Wright,

*vs*.

### Luigi Cella.

*New Castle, April* 15, 1911.

A testator owning land made a general devise of all his property to his wife, A. She survived him for twelve years, and without making a formal statutory election, or being cited to do so, possessed the land for the rest of her life and by will gave all her property generally to her daughter. *Held*, that there was a sufficient manifestation of the intention of A. to accept the provisions of the will made for her in lieu of dower, the former being more advantageous to her than the latter.

Bill for Specific Performance. The bill is for specific performance of an agreement for the sale and purchase of land, the purchaser. having declined to fulfil his agreement because the title of the seller to the land was not good. The important points about the title are these: Duffas Wright, owning the premises in fee simple at the time of his death in 1896, gave to his wife, Sarah Jane Wright, absolutely all his estate to which in any manner he was entitled at his death, without mentioning any specific property, or making any declaration as to the dower rights of his widow. His widow, Sarah Jane Wright, the sole devisee, had possession of and treated as her property, the premises in question, being the only property owned by her husband. In 1908, twelve years later, Sarah Jane Wright died and by general residuary devise and bequest gave all her property to her daughter absolutely, without mentioning any particular property. The widow of Duffas Wright did not appear in the Orphans' Court and elect to take the provision in her husband's will in lieu of dower, and was not cited to do so. When her daughter, the devisee under her will, came to sell the land so devised, the defendant, the vendée, objected that there had been no such formal election.

There was no dispute as to the facts, and the cause was heard on bill and answer.

*William S. Prickett,* for the complainant.

The failure to renounce the provision of the will within a reasonable time is evidence of an acceptance of it. *Cooper v. Cooper's Ex'r.,* 77 *Va.* 198. The election may be made otherwise than by the mode prescribed. *Smither v. Smither,* 72 *Ky.* 230; *Pratt v. Felton,* 4 *Cush.* 174; *Johnson v. Connecticut Bank,* 21 *Conn.* 148; *Merrill v. Emery,* 10 *Pick.* 507.

Where the beneficiary named in the will, as in the case of a widow, has no right to the possession and occupation of the real estate devised to her, except by virtue of the provisions of the testator's will, her conduct in entering into possession of such property, and using it as her own or for her own uses, will be held to be sufficient indication of her purpose to take under the will to constitute an election to take the provision of the will in lieu and bar of dower. *Barkley v. Mahon,* 95 *Ind.* 101; *Reed v. Dickerman,* 29 *Mass.* (12 *Pick.*) 145; *Hovey v. Hovey,* 61 *N. H.* 599; *Thompson's Lessee v. Hoop,* 6 *O. St.* 480; *Stockton v. Wooley,* 20 *O. St.* 184; *Delay v. Vinal,* 1 *Met.* (*Mass.*) 57, 65; *Stark v. Hunton,* 1 *N. J. Eq.* 216, 217; *Craig v. Walthall,* 14 *Grant.* 518, 525; *Clay v. Hart,* 7 *Dana* (37 *Ky.*) 1, 6; *Haynie v. Dickens,* 68 *Ill.* 267; *Cory v. Cory,* 37 *N. J. Eq.* 198, 201; *Rutherford v. Mayo,* 76 *Va.* 117, 123; *Exchange Bank v. Stone,* 80 *Ky.* 109; *Clark v. Middlesworth,* 82 *Ind.* 240; *Wilson v. Wilson,* 145 *Ind.* 659.

*Frank L. Speakman,* for the defendant.

THE CHANCELLOR: The sole objection to the title raised 'by the purchaser is that the widow of Duffas Wright had not, in her life time, formally elected to take the provision made for her under her husband's will in lieu of dower. Suscinctly stated, the question is this: In case a widow, who is the general devisee of all her husband's property, including real estate, possesses and uses as owner such real estate for twelve years after his death, and for the rest of her life, without having made any formal election in the Orphans' Court, is there a pre-

sumption that she has made an election, where no circumstance appears to show that such presumption would be unfavorable to her interests?

At common law a devise of land was not considered to be in lieu or bar of dower, but it is otherwise here by the statute passed in 1816, which is as follows:

"If the testator shall devise to his wife any portion of his real estate, such devise shall be deemed and taken to be in lieu and bar of her dower out of the estate of her deceased husband, unless such testator shall, by his last will and testament, declare otherwise; but the widow shall have her election either to dower or the estate so devised." §5, *Chapter 87, Revised Code.*

By subsequent sections provision is made for the making by her of her election in the Orphans' Court, by her appearance there either voluntarily or by citation. But no time is fixed within which the election may, or must, be made; nor does the Act state the consequences of a failure to elect, unless she be cited. Under this statute a widow is presumed to have accepted in place of dower a devise of land made to her, unless the will declares otherwise, or she elects otherwise, no time being fixed within which she must so elect. A widow may elect between the provisions of the will and her dower, otherwise than under the statute, and her intention to so elect may be shown in various ways. The decisions on this statute are very few. *Chandler v. Woodward*, 3 *Harr.* 428, and *Kinsey v. Woodward*, 3 *Harr.* 459, do not apply here. Chancellor Wolcott, in *Spruance v. Darlington*, 7 *Del. Ch.* 111, throws some light on the question here raised. By his will a testator left all his residuary estate, including real estate, to his wife absolutely and by a later will, discovered many years afterwards and after the death of the widow, he made a different provision distinctly in lieu of dower. The Chancellor held that as the widow had no chance to elect whether to take under the second will, which was not discovered until after her death, the Court would make that election for her which would be most advantageous to her estate. If advantage to the widow is the test whether to presume an election, then it must not be assumed in all cases that a general gift by a husband of

all his property is necessarily more advantageous to the widow than her dower rights would be, for her husband's debts may have been more than the value of his estate, and there be nothing for her as devisee, while there would be as widow, in case she had not by her own act or conduct barred her right thereto.

In this case the personal estate of Duffas Wright being sufficient to pay all his debts, so far as appears, it was absolutely more advantageous to his widow to take as devisee of all his estate than as widow to take only a life estate in part of his real estate. This fact is of weight in raising a presumption of acceptance. Still, it is for this Court to say whether, under the circumstances, her failure to make an election against the will raises a presumption of an acceptance of the provision of the will made for her and as a waiver of her right of dower. Clearly this is to be answered affirmatively, and the authorities cited support such a view. The time within which an election must be made, if no time be fixed by law, varies with each case and in all must be reasonable. Otherwise, the rights of others may be jeopardized by an unreasonable delay in making an election. Certainly a delay of twelve years to renounce the provision in the will would be unreasonable.

An election to take under the will may be manifested by the act of the person entitled to elect in accepting the property given to him by the will. So where a beneficiary under a will uses, occupies or enjoys the property given to him or her by the will for a considerable period of time, this may manifest an election to accept the provisions of the will. But an election is not manifested by the occupancy of property which the person is entitled to occupy whether he or she takes under the will or against it. These principles seem settled by authority and are reasonable.

In *Warren v. Morris*, 4 *Del. Ch.* 289, (*s. c. on appeal*, 4 *Houst.* 414) it was decided that if a widow joins in a deed made by the executor of her husband's will, conveying real estate of her husband, under power of sale given in the will to the executor, without any stipulated consideration for her right of dower, must be taken as her election to take under the will.

Therefore, because it was advantageous to her, and because of the twelve years use and enjoyment of all of the property of the testator, there is clearly in this case a sufficient manifestation of intention to accept the provisions in the will made for her. So that at her death, Sarah J. Wright had all the title her husband had and by her will devised it to her daughter, the complainant. The objections raised by the vendee to the title are untenable and insufficient, and a decree for specific performance will be entered.